# UNITED STATES DISTRICT COURT
for the
Northern District of California

**FILED UNDER SEAL**

| | |
|---|---|
| United States of America<br>v.<br><br>Robert Earl Davis,<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  4:24-mj-70918-MAG<br>)<br>)<br>)<br>) |

**FILED**
Jun 18 2024
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  June 9, 2024  in the county of  San Mateo  in the Northern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of firearm. |
| Penalties: | Max penalties are: 15 years imprisonment, 3 years of supervised release, $250,000 fine, $100 special assessment, Forfeiture |

This criminal complaint is based on these facts:

See attached Affidavit of ATF Special Agent Andrew Balady.

☑ Continued on the attached sheet.

Approved as to form:

*/s/ Jonah P. Ross*

AUSA JONAH P. ROSS

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by phone.

Date: June 18, 2024

City and state: Oakland, CA

*/s/ Andrew Balady*
Complainant's signature

Andrew Balady, ATF Special Agent
Printed name and title

*[signature]*
Judge's signature

HON. DONNA M. RYU, Chief Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, Andrew Balady, Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of Robert Earl Davis ("DAVIS") for unlawfully possessing a firearm, in violation of Title 18, United States Code, Section 922(g)(1), on or about June 9, 2024, in the Northern District of California.

### SOURCES OF INFORMATION

2. This affidavit is submitted for the limited purpose of securing a criminal complaint arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that a violation of the federal law identified above has occurred. Further, my understanding of the significance of certain events and facts may change as the investigation progresses.

3. The information in this affidavit, including the opinions which I have formed and statements set forth herein, is based upon my training and experience in the field of firearms and illegal narcotics investigations, personal participation during the course of this investigation, knowledge obtained from investigative reports, reliable sources of information relevant to this investigation, consultation with other experienced local and federal law enforcement officials, and upon my examination and review of various reports and other records. Unless otherwise noted, when I assert that a statement was made, I have either heard the statement directly or listened to a recording of the statement, or the statement was reported to me by another law enforcement officer, either directly or indirectly in a written report. The officer providing me with the information may have received the information by way of personal knowledge or from another source.

## AFFIANT BACKGROUND

4.      I am a Special Agent of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since July 2017.  I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7).  I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator Training Program and the ATF National Academy Special Agent Basic Training Course.  My duties include the investigation of criminal violations of federal firearms, explosives, and arson laws, as well as those involving violent crime.  I am also an ATF Firearms Interstate Nexus Expert, in which I have received 40 hours of training in the identity and origin of firearms and ammunition. Prior to being an ATF Special Agent, I was employed as a police officer with the Belmont, California Police Department from approximately September 2013 to May 2017.  During my employment with the Belmont Police Department, I was assigned to the Patrol Division as a patrol officer and had the collateral duty of being an Evidence Technician in the Crime Scene Unit.

5.      As an ATF Special Agent, I have conducted and participated in both state and federal investigations involving the trafficking of firearms and distribution of controlled substances.  I have investigated and assisted in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking.  During these investigations, I have participated in various types of investigative techniques, including electronic surveillance; undercover agents and informants; and controlled purchases of firearms and narcotics from suspects.  I have participated in physical surveillance operations and have participated in the execution of state and federal arrest warrants and search warrants.  In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records, utility records, and telephone toll and subscriber records.

6.      As a federal agent, I am authorized to investigate violations of the laws of the United States, and I am a law enforcement officer with authority to execute warrants issued under the authority of the United States.

## APPLICABLE STATUTES

7. The elements of Title 18, United States Code, Section 922(g)(1) are as follows: (1) the defendant knowingly possessed a firearm and/or ammunition; (2) that firearm and/or ammunition had been shipped or transported from one state to another or between a foreign nation and the United States; (3) at the time the defendant possessed the firearm and/or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time the defendant possessed the firearm and/or ammunition, the defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## FACTS SUPPORTING PROBABLE CAUSE

### DAVIS Possessed a Firearm and Ammunition on or about June 9, 2024

8. Shortly after midnight on or about June 9, 20204, deputies from the San Mateo County Sheriff's Office responded to the area of Franklin Street and Cedar Street in Montara, California, in the Northern District of California, regarding a large party at an Airbnb rental that had become unruly and led to complaints from the property owners. Once on scene, deputies observed a parked and unoccupied silver Nissan Maxima sedan registered to DAVIS, which had been identified as the vehicle used in a recent felony evasion in Oakland, California. The Nissan was the subject of a court order to tow and impound the vehicle for 30 days.

9. Deputies waited nearby to conduct surveillance of the Nissan. They eventually observed two males leave the party and approach the Nissan. One male (hereafter, "P.D.") began to insert a key into the driver's side door. The deputies called out and identified themselves and commanded the male to stop. A deputy detained P.D. in handcuffs.

10. Another deputy observed that the other male, later identified as DAVIS, began to move his hands around his pockets and waistband. The deputy ordered DAVIS to remove his hands from his pockets, and DAVIS continued to look down toward his waistband. After repeated commands to DAVIS, the deputy placed DAVIS into handcuffs without use of force.

11. Deputies then located two firearms on P.D. Deputies subsequently attempted to

conduct a pat search of DAVIS for weapons, and he became agitated and claimed that he had neither guns nor drugs on his person.  Eventually, deputies informed DAVIS that he was under arrest for resisting/obstructing an officer, pursuant to California Penal Code section 148(a)(1).  DAVIS refused to be searched incident to arrest, and before the deputies could conduct a search of DAVIS's person, they observed the outline of a firearm in DAVIS's pants.  The deputies then seized a Glock 27 pistol, bearing serial number BVAU393, from DAVIS's pants.   A large capacity magazine was inserted into the pistol's magazine well.  The magazine was loaded with 20 rounds of Smith & Wesson brand ammunition.

12. On DAVIS's person, deputies also located a medium sized plastic baggie containing a white powdery substance, which later tested presumptively positive for cocaine.  While conducting an inventory search of the Nissan, deputies found a digital scale in the front passenger-side door pocket.  The scale was operable and appeared to have the residue of a white powdery substance on its surface.

### The Firearm Possessed by DAVIS Traveled in Interstate Commerce

13. As noted above, I am a certified ATF Interstate Nexus Expert.  From my training and experience, I know that all Glock brand pistols are manufactured outside of the state of California.  Consequently, to be recovered in the Northern District of California, the recovered Glock 27 pistol bearing serial number BVAU393 possessed by DAVIS must have traveled in interstate commerce prior to June 9, 2024.

### Prior to June 9, 2024, DAVIS Had Been Convicted of Multiple Felonies and Been Sentenced to More Than a Year in Custody on Multiple Occasions

14. As part of my investigation, I conducted a review of DAVIS's criminal history report, and confirmed that—prior to his possession of the firearm on June 9, 2024—DAVIS had been convicted of several crimes punishable by a term of imprisonment exceeding one year.  The following chart shows his prior felony convictions, the year of the conviction, the maximum custody time for each crime, and the custody time DAVIS received at sentencing:

| Year of Conviction | Crime | Maximum Term of Imprisonment | Custodial Sentence Received |
|---|---|---|---|
| 2023 | Cal. Pen. Code § 459 (second degree burglary) | 3 years prison | 52 days jail |
| 2017 | Cal. Pen. Code § 487(a) (grand theft) | 3 years prison | 32 months prison |
| 2016 | Cal. Health & Safety Code § 11351 (possession for sale of narcotics) | 4 years prison | 4 years prison |
| | Cal. Pen. Code § 29800(a)(1) (felon in possession of firearm) | 3 years prison | 8 months prison |
| 2014 | Cal. Pen. Code § 211 (second degree robbery) | 5 years prison | 2 years prison |

15. Because—on multiple occasions—DAVIS has been sentenced to more than one year in prison for his convictions, there is probable cause to believe that, at the time he possessed the firearm on June 9, 2024, DAVIS knew he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year.

//
//
//
//
//
//
//
//
//
//

## CONCLUSION

16.     Based on the information set forth in the paragraphs above, I submit that there is probable cause to conclude that, on or about June 9, 2024, in the Northern District of California, DAVIS committed the crime of being a felon in possession of a firearm and/or ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

/s/ Andrew Balady
Andrew Balady
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn before me by telephone in accordance with the requirements of Fed. R. Crim. P. 4.1 and 4(d) on this  18th   day of  June, 2024                          .

_____
HONORABLE DONNA M. RYU
Chief Magistrate Judge